20-1360-cv
*De Jesus-Hall v. New York State Unified Court System*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand twenty-one.

PRESENT:
> ROBERT D. SACK,
> RICHARD C. WESLEY
> RICHARD J. SULLIVAN.

> *Circuit Judges*,

_____

LORRAINE DE JESUS-HALL,

> *Plaintiff-Appellant*,

v.                                                                              20-1360-cv

NEW YORK UNIFIED COURT SYSTEM,

> *Defendant-Appellee.*

_____

**For Plaintiff-Appellant:**          RUSSELL G. WHEELER, Charny & Wheeler P.C., Rhinebeck, NY.

**For Defendant-Appellee:**          ARI J. SAVITZKY (Letitia James, Attorney General State of New York; Barbara D. Underwood, Solicitor General; and Judith N. Vale, Senior Assistant Solicitor General; New York, NY, *on the brief*) Assistant Solicitor General of Counsel, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Smith, *MJ*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff Lorraine De Jesus-Hall appeals an order of the district court (Smith, *MJ*) granting summary judgment in favor of her employer, the New York State Unified Court System, on her claims of employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. We review the district court's grant of summary judgment *de novo*. *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 168 (2d Cir. 2006).

2

## A.   De Jesus-Hall's Racial Discrimination Claims[1]

Title VII prohibits employers from "discriminat[ing] against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1).   Under the well-known *McDonnell Douglas* framework for analyzing Title VII claims, a plaintiff must first make out a *prima facie* case of discrimination by establishing that "(1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she suffered an adverse employment action; and (4) the circumstances surrounding that action permit an inference of discrimination." *Williams v. R.H. Donnelley Corp.*, 368 F.3d 123, 126 (2d Cir. 2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Abdu–Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir.2001)).   We agree with the district court that De Jesus-Hall failed to make this threshold showing here.

De Jesus-Hall argues that she suffered from three discriminatory adverse

---

[1] The Second Circuit has held that "discrimination based on ethnicity, including Hispanicity or lack thereof, constitutes racial discrimination under Title VII."   *Vill. of Freeport v. Barrella*, 814 F.3d 594, 607 (2d Cir. 2016).   The parties do not dispute that De Jesus-Hall, as a Latina, is a member of a protected class.

3

employment actions between 2014 and 2016. Two of them relate to her employer's alleged failure to place her in an "in-part" clerkship assignment, first with Justice Slobod in 2014 and then with Justice Bartlett in 2016. But while a failure to promote may constitute an adverse employment action, *see Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998), De Jesus-Hall has failed to allege facts that would support an inference of discriminatory intent in either case.

De Jesus-Hall argues that discriminatory intent can be inferred from the fact that she was passed over for each of the in-part positions in favor of non-Hispanic clerks. To be sure, a plaintiff may raise an inference of discrimination by showing that her employer treated her differently than similarly situated employees outside of her protected group; but to do so, a plaintiff "must show she was 'similarly situated in all material respects' to the individuals with whom she seeks to compare herself." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (quoting *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997)). Here, there is no dispute that the in-part clerkship assignments were with judges who oversaw civil dockets and that the two clerks selected over De Jesus-Hall had more civil experience than she did at the time these in-part assignments became available. Therefore, because De Jesus-Hall was not similarly situated in all

4

material respects with her alleged comparators, the fact that she was passed over for the in-part positions does not support an inference of discrimination.[2]

The third adverse action alleged by De Jesus-Hall, and the one on which she principally relies, relates to her July 2015 transfer from her position as an intake and substitute part clerk in the Criminal Division to her position in the Foreclosure Part. We have long recognized that a transfer that "alters the terms and conditions of the plaintiff's employment in a materially negative way" may be an adverse employment action even if it does not result in a reduction in pay or benefits. *Patrolmen's Benevolent Ass'n of City of New York v. City of New York*, 310 F.3d 43, 51 (2002) (citing *de la Cruz v. N.Y.C. Human Res. Admin. Dep't of Social Servs.*, 82 F.3d 16, 21 (2d Cir.1996)). But "subjective, personal disappointments do not meet the objective indicia of an adverse employment action." *Williams*, 368 F.3d at 128. Put differently, "a transfer is an adverse employment action if it results in

---

[2] Because the district court concluded that the failure to assign De Jesus-Hall to an in-part position did not constitute an adverse action, the district court did not reach the issue of whether the circumstances surrounding the failure to assign De Jesus-Hall to an in-part position gave rise to an inference of discrimination. Nevertheless, "[i]t is well settled that we may affirm a district court's decision on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 78 (2d Cir. 2017) (internal quotation marks, alterations, and citation omitted).

a change in responsibilities so significant as to constitute a setback to the plaintiff's career." *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 641 (2d Cir. 2000).

Here, De Jesus-Hall produced no evidence to suggest that her transfer to the Foreclosure Part resulted in a setback to her career. To the contrary, within a year of her transfer De Jesus-Hall was assigned as the in-part clerk to Justice Walsh, where she remained until she went out on medical leave. And in June 2017, De Jesus-Hall was assigned as the in-part clerk to Justice Vazquez-Doles, where she remains to this day. De Jesus-Hall also has not shown that her transfer to the Foreclosure Part altered her responsibilities in a "materially negative way" compared to her work in the Criminal Division office. *Patrolmen's Benevolent Ass'n*, 310 F.3d at 51. So while there is little doubt that De Jesus-Hall subjectively disliked the Foreclosure Part, we agree with the district court that no reasonable factfinder could conclude that her transfer to the Foreclosure Part "constitute[d] a setback to [her] career." *Galabya*, 202 F.3d at 641.

## B. De Jesus-Hall's Retaliation Claims

De Jesus-Hall also argues that her transfer to the Foreclosure Part in July 2015 constituted unlawful retaliation for filing an internal complaint in January 2015 that alleged race and national origin discrimination. Title VII "prohibits an

6

employer from taking 'materially adverse' action against an employee because the employee opposed conduct that Title VII forbids or the employee otherwise engaged in protected activity." *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 567–68 (2d Cir. 2011) (citation omitted). Importantly, a "materially adverse" action in the retaliation context differs from an "adverse employment action" in the racial discrimination context; the former includes any conduct that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). But even under this standard, De Jesus-Hall has failed to put forth evidence that her position in the Foreclosure Part was substantially different from her position in the Criminal Division – much less that it would have had dissuaded a reasonable worker from making a discrimination complaint. Indeed, De Jesus-Hall herself filed a Title VII discrimination charge with the Equal Employment Opportunity Commission in October 2015, months after she was assigned to the Foreclosure Part. Accordingly, the district court did not err in granting summary judgment on her retaliation claim.

*Conclusion*

We have considered De Jesus-Hall's remaining arguments and find them to be without merit.   As a result, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court